DIERKS BROS. & LAMSON v. WALROD & SON ET AL.

1. **Mechanic's Lien**: FORECLOSURE: EVIDENCE: PRIORITY OVER SUB-
SEQUENT MORTGAGE. Plaintiffs, under a contract with W. & Son,
furnished the materials for the enlargement of a building occupied by W. &
Son. Afterwards W. mortgaged the premises to E. Plaintiffs, in an ac-
tion to foreclose their lien, sought to have it established as superior to E.'s
mortgage. But they failed to show that W. & Son had such an interest
in the property that a mechanic's lien would attach thereto. *Held* that
the evidence did not warrant a decree making their alleged lien superior
to the mortgage.

*Appeal from Shelby Circuit Court.*

SATURDAY, JUNE 6.

ACTION in equity to foreclose a mechanic's lien. It is alleged
in the petition that plaintiff sold certain building materials
to defendants Walrod & Son, which were used by them in the
errection of a building on a lot owned by them in the town
of Irwin; that a settlement of the account was afterwards
had with them, by which it was determined that the amount
of the indebtedness was $354.21, for which amount they gave
their promissory note due in fifty days, with ten per cent
interest; and that plaintiffs filed in the clerk's office a true
statement of their demand for said materials, verified by affi-
davit. It is also alleged that the defendant Empkie asserts
some claim or interest in the property covered by said
mechanic's lien, but that his interest is junior and inferior to
plaintiffs' lien. Defendants Walrod & Son made no
defense, and judgment was rendered against them by default.
Defendant Empkie answered, denying the allegations of the
petition. He also alleged that he held a mortgage on the prem-
ises in question, and that the same was a superior lien on the
premises to any claim or interest of the plaintiffs therein.
By the judgment of the circuit court, plaintiffs' mechanic's
lien is established as superior to defendant's mortgage.
Defendant appeals.

*Wright, Baldwin & Haldane*, for appellant.

*Macy & Gammon*, for appellees.

REED, J.—The evidence introduced on the trial proves that plaintiffs delivered the building materials in question, under a contract entered into between them and Walrod & Son, and that they were used by the purchasers in the errection of an addition to a building, situated upon the lot on which plaintiffs seek to have their mechanic's lien established. It also proves that Walrod & Son, at the time the contract was entered into, and when the materials were delivered, were in possession of the lot, and were carrying on business as hardware merchants in the building situated thereon. But it is not shown who held the title to the property.

The mortgage under which defendant claims, was executed by J. J. Walrod, who was a member of the firm of Walrod & Son, and it was given about ten months after the contract was made under which plaintiffs furnished the building materials. Appellant contends that the evidence does not show that the contract under which plaintiffs furnished the materials was made with the owner of the property upon which they seek to have their lien established. Under the provisions of the third and fourth sections of the mechanic's lien law, (Chap. 8, tit. 14, McClain's Statutes,) plaintiffs were entitled to a lien on both the building and the ground on which it was situated, if Walrod & Son were the owners of both at the time the contract was made and the materials were furnished. If they were the owners of the building, and had a limited interest or estate in the ground, plaintiffs' lien would cover the building and whatever interest they had in the lot. By the terms of the statute, the lien is based on contract with the owner of the property on which the improvement is made for which it is given; and, as it attaches only to the interest which the party making the contract has in the property, it is important in every case (at least in every case in which the right to

the lien is controverted) that the extent of his interest be established.

The evidence in this case does not show that Walrod & Son were the owners of either the building which was enlarged with the materials purchased of plaintiff, or of the ground on which it was situated. They were in possession, it is true, and the presumption is that their possession was rightful, but there is no presumption that they were the owners. They may have been rightfully in possession, and yet not have had any interest in the property to which the lien would attach. It is proven that the contract for the purchase of the materials from plaintiffs was made on behalf of Walrod & Son by J. J. Walrod, who afterwards mortgaged the property to defendant. It is claimed by appellee that, by asserting an interest under the mortgage, defendant admits that the mortgagor was the owner of the property, and that, as he is the person with whom the contract for the sale of the materials was made, the lien attaches to his interest in the property, even though the material was actually sold to the firm of Walrod & Son. It is doubtless true that defendant's action in asserting a claim under the mortgage should be treated as an admission that the mortgagor owned the property when the mortgage was given. But, as the mortgage was not given for ten months after the contract for the sale of the material was entered into, this does not aid plaintiffs.

We are of the opinion that plaintiffs have not shown that they have a mechanic's lien on the premises which is superior to defendant's mortgage. The judgment of the circuit court will therefore be

REVERSED.